UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11738-RWZ

GEORGE SAMIR WASSOUF

v.

UNITED STATES OF AMERICA, et al.

MEMORANDUM AND ORDER

November 2, 2009

ZOBEL, D.J.

For the reasons stated below, the Court (1) grants the plaintiff's motions for leave to proceed in forma pauperis; and (2) dismisses this action.

**I.   Background**

On October 14, 2009, George Samir Wassouf, who provides a mailing address in Lawrence, Massachusetts, but represents that he resides in Syria, filed a self-prepared complaint in which he alleges misconduct by the United States and its officers during the course of his removal proceedings.

The facts as alleged in the complaint follow. In October 10, 2003, after Wassouf had finished serving time in prison for a federal bank fraud conviction,[1] he was arrested by Immigration and Customs Enforcement ("ICE") officers. Removal proceedings were

---

[1] In 2001, Wassouf pled guilty to one count of bank fraud and was sentenced to thirty-three months of imprisonment and five years of supervised release. See United States v. Wassouf, Crim. No. 01-00001 (D.N.H.); see also Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (explaining that courts may take judicial notice of proceedings in other relevant cases).

commenced against him in Boston. On March 24, 2004, these proceedings were terminated without prejudice because Wassouf's direct appeal of his criminal sentence was still pending before the First Circuit.[2]

On June 5, 2007, Wassouf was detained again by the Department of Homeland Security ("DHS") in conjunction with removal proceedings, which were held in El Paso, Texas in front of Immigration Judge Robert S. Hough. Wassouf filed a motion to terminate the proceedings <u>with</u> prejudice[3], which the government did not oppose. At a hearing on August 15, 2007, Judge Hough shut off the tape recorder and told the government that it could move for dismissal of the action without prejudice. The government then successfully moved for dismissal without prejudice, and the immigration judge denied as moot Wassouf's motion to dismiss with prejudice. Because Judge Hough had ordered that the tape recorder be turned off, Wassouf's ability to challenge the dismissal without prejudice was limited.

Although the government represented to Judge Hough that Wassouf would be released within twenty-four hours after the termination of the August 15, 2007 hearing, Wassouf remained in detention past that time. On August 22, 2007, the government

---

[2]On October 31, 2003, the sentencing court granted Wassouf's motion under 28 U.S.C. § 2255. See Wassouf v. United States, 2003 WL 22474623 (D.N.H. Oct. 31, 2003). Finding that Wassouf's counsel had been ineffective in failing to file a notice of appeal, the court gave Wassouf limited relief in the nature of affording him ten days to file a notice of appeal. See id. at *5. On the subsequent appeal, the First Circuit affirmed Wassouf's sentence. See United States v. Wassouf, App. No. 03-2602 (1st Cir. Sept. 13, 2005).

[3]Wassouf implies that the government did not timely provide proof of his conviction for bank fraud, even though the Immigration Judge had required the government to obtain a record of Wassouf's conviction.

2

started a third round of removal proceedings against Wassouf by presenting him with a Notice to Appear. During his detention, immigration officials tampered with his mail to the United States Senate Judicary Committee. On December 3, 2007, Judge Hough ordered that Wassouf be removed to Syria even though the government failed to produce any evidence that the First Circuit had denied Wassouf's appeal of his sentence. He was later removed to Syria.

The heart of Wassouf's claims is that Judge Hough is a pro-government judge who was fraudulently and illegally appointed to the bench through a political-patronage system instead of through a neutral civil service procedure. Wassouf alleges that Judge Hough abused his discretion during the August 15, 2007 hearing by advocating for the government instead of granting Wassouf's motion to dismiss with prejudice. Wassouf states that his motion to dismiss would have been granted had he appeared before a legally appointed judge.

> Had Immigration Judge Hough, not been **illegally** assigned to the Immigration court, by the United States Justice Department, in a *violation of the Civil Services Laws*, Constitutions of the United States . . . and had a legal, liberal, and fair judge been assigned to the bench instead, like the one in Boston, MA, *then* this plaintiff would have won his case on that second time, on August 15, 2007, where that case should have been terminated **with prejudice**, and no new charges could ever been filed by DHS of the government, against his plaintiff, and he could never been legally re-arrested, detained, and then illegally deported based on those same charges and their illegal conspiracy . . . .

Compl. ¶ 13 (emphases in original). He seeks to hold Judge Hough liable for the "unlawful" order of removal, although he states that he is not directly challenging the order of removal. Wassouf also names as defendants the United States, President Barack Obama, current Attorney General Eric H. Holder, Jr., former Attorney General

Michael Mukasey, the United States Department of Justice, current Secretary of Homeland Security Janet A. Napolitano, former Secretary of Homeland Security Michael Chertoff, DHS, ICE, Immigration and Naturalization Services, and United States Citizenship and Immigration Services. Wassouf's theory of liability is that these defendants either participated in the illegal hiring of Judge Hough and/or allowed Judge Hough to remain in his position once Wassouf had complained about the Judge.

Wassouf seeks to hold all of the defendants liable for violations of 42 U.S.C. §§ 1981, 1983, 1986, the Fifth, Eighth and Fourteenth amendments to the United States Constitution, and for negligent infliction of emotional injury. He asks for "full United States Citizenship, $50,000,000 in damages for "false imprisonment, harassment, illegal deportation, and emotional distress, illegal Civil Conspiracy, and sleepless nights," and punitive damages. Compl. ¶¶ 32-35. He states that he "is NOT seeking relief from his deportation order" or asking this court "to review or intervene with that deportation order." Id. ¶ 35.

## II. Discussion

### A. Motions for Leave to Proceed In Forma Pauperis

Upon review of the motions for leave to proceed in forma pauperis, the Court concludes that the plaintiff has adequately shown that he is without income or assets to prepay the $350.00 filing fee. Accordingly, the motions are allowed.

### B. Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the

4

complaint and determine if it satisfies the substantive requirements of 28 U.S.C. § 1915(e)(2).[4]  Further, a court has an obligation to inquire sua sponte into its own subject-matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).   In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Whether Wassouf's claims are interpreted as an indirect challenge to his removal, or a direct challenge to Judge Hough's denial of his motion to dismiss with prejudice and Judge Hough's alleged bias, the Immigration and Nationality Act, as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 302, stripped this Court of jurisdiction to entertain such claims.

Although Wassouf disclaims any challenge to his removal order, he does seek damages for his "illegal deportation."  Further, success on his claim that Judge Hough should have granted his motion to dismiss without prejudice would imply the invalidity of his removal order.  Under the REAL ID Act, this Court is without jurisdiction to entertain a challenge, even an indirect one, to his removal order.  Judicial review of an order of removal is only available before the appropriate court of appeals.  See 8 U.S.C. § 1252(a)(5).

Even if Wassouf's claims concerning Judge Hough's alleged misconduct and his

---

[4]Section 1915(e)(2) authorizes federal courts to dismiss complaints sua sponte if the claims lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

5

allegedly illegal appointment could be considered to be distinct from a challenge to a removal order, the Court is still without subject-matter jurisdiction. In enacting 8 U.S.C. § 1252(b)(9), Congress attempted to direct challenges to removal proceedings--not just to removal orders--through defined administrative channels. This statute, entitled "Consolidation of questions for judicial review," reads in pertinent part:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under Section 2241 of Title 28 or any other habeas corpus provision . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). The Supreme Court has characterized this provision as a "general jurisdictional limitation" and as an "unmistakable 'zipper' clause." Reno v. Am.-Arab. Anti-Discrimination Comm., 525 U.S. 471, 482-83 (1999). The First Circuit has observed that the expanse of the statute is "breathtaking," Aguilar v. U.S. Immigration & customs Enforcement, 510 F.3d 1, 9 (1st Cir. 2007), as it encompasses "all questions of law and fact" and extends to both "constitutional and statutory challenges," 8 U.S.C. § 1252(b)(9). "As its text makes manifest, that proviso was designed to consolidate and channel review of <u>all</u> legal and factual questions that arise from the removal of an alien into the administration process, with judicial review of those decisions vested exclusively in the courts of appeals." Id. Thus, where a claim concerning a removal proceeding can "effectively be handled through the available administrative process," it is subject to the limitations on judicial review set forth in § 1252(b)(9). Id. at 11.

Here, Wassouf seeks judicial review of "questions of law and fact . . . arising from

6

any action taken or proceeding brought to remove an alien from the United States." He seeks judicial review of Judge Hough's alleged misconduct and bias in favor of the government. These claims could have been "effectively . . . handled through the available administrative process" by an appeal to the Bureau of Immigration Appeals ("BIA") and subsequent judicial review by the Fifth Circuit Court of Appeals. In fact, it appears that Wassouf did raise some of these issues on an administrative appeal. See Wassouf v. United States, C.A. No. 08-00103 (docket entry #15), 2008 WL 2641348, at *1 & n.3 (W.D. Tex. June 25, 2008) (dismissing petition for a writ of habeas corpus, and noting that Wassouf had appealed both removal proceedings in Texas to the BIA and had argued that Judge Hough should have granted Wassouf's motion to dismiss with prejudice); see also id. (docket entry #8) (W.D. Tex. June 11, 2008) (government's motion to dismiss habeas petition, exhibits to which included copy of BIA decision on April 11, 2008 rejecting Wassouf's allegations concerning Judge Hough's alleged bias and improper conduct). That the BIA did not agree with Wassouf does not render the administrative process ineffective.

As the Court is without jurisdiction to entertain Wassouf's claims, and as it is clear that Wassouf cannot cure the jurisdictional defects, this action will be dismissed.

### III. Conclusion

Accordingly:

1. The motions for leave to proceed in forma pauperis are GRANTED.

2. This action is DISMISSED for lack of subject-matter jurisdiction.


SO ORDERED.

  11/2/09                                /s/ Rya W. Zobel
DATE                                     RYA W. ZOBEL
                                                UNITED STATES DISTRICT JUDGE